1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE D. PACE,

11              Petitioner,                   No. CIV S-07-0573 RRB GGH P

12        vs.

13   D.K. SISTO, Warden,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Petitioner, a state prisoner proceeding with appointed counsel, has filed a petition

18   pursuant to 28 U.S.C. § 2254.  Petitioner, convicted in 1984 of first degree murder, received a

19   25-year-to-life sentence, plus a two-year enhancement, and herein challenges a July 29, 2004,

20   decision denying him parole.  Petition, pp. 1-41.  He raises five grounds in challenging the

21   decision of the Board of Prison Terms and Parole (Board): 1) Due process violation because

22   decision is not supported by some evidence of his danger to society if released; 2) Eighth

23   Amendment violation for failure to set release date; 3) biased Board panel; 4) Board parole

24   procedures for setting suitability hearings violates due process; 5) Superior Court's summary

25   denial of petitioner's claim is objectively unreasonable.  Id.  Pending before the court is

26   respondent's motion to dismiss the petition as barred by the AEDPA statute of limitations, to

                                              1

1  which petitioner filed an opposition.

2  Motion to Dismiss

3         The statute of limitations for federal habeas corpus petitions is set forth in 28

4  U.S.C. § 2244(d)(1):

5         A 1-year period of limitation shall apply to an application for a writ
          of habeas corpus by a person in custody pursuant to the judgment
6         of a State court.  The limitation period shall run from the latest of

7         (A) the date on which the judgment became final by the conclusion
          of direct review or the expiration of the time for seeking such
8         review;

9         (B) the date on which the impediment to filing an application
          created by State action in violation of the Constitution or laws of
10        the United States is removed, if the applicant was prevented from
          filing by such State action;

11

12        (C) the date on which the constitutional right asserted was initially
          recognized by the Supreme Court, if the right has been newly
          recognized by the Supreme Court and made retroactively
13        applicable to cases on collateral review; or

14        (D) the date on which the factual predicate of the claim or claims
          presented could have been discovered through the exercise of due
15        diligence.

16        No party disputes that the denial of parole occurred at a suitability hearing on July

17  29, 2004.  Petitioner's first habeas petition was filed in Merced County Superior Court on

18  December 2, 2004.[1]  Motion to Dismiss (MTD), pp. 5, Exhibit (Exh.) B, pp.2,  42, 152.  Citing

19  Cal. Code Regs. tit.xv, § 2043,[2] respondent contends that the decision was final no more than 120

20  _____

21        [1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro
   se prisoner filing is dated from the date prisoner delivers it to prison authorities.  The petition
22  contains petitioner's signature beside the date 12/2/04, and a proof of service certificate signed
   by another individual is attached who swears under penalty of perjury that the petition was
23  deposited in the institutional mail on December 2, 2004. (Respondent incorrectly dated the year
   as 2005, an apparent typographical error because the filing date is referenced as December 10,
24  2004, the date the document was file-stamped).

25        [2] Cal. Code Regs. tit.xv, § 2043, states in relevant part: "Any proposed decision granting,
   modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress
26  Hearings, shall become final no later than 120 days after the hearing at which the proposed
   decision was made."

1   days later, on November 26, 2004.  MTD, p. 5.  Thereafter, respondent notes that the denial of

2   the state supreme court habeas petition occurred on February 1, 2006.  MTD, p. 4 , Exh. A (and

3   see below).

4          Section 2244(d)(2) provides that the time during which a properly filed

5   application for State post-conviction or other collateral review with respect to the pertinent

6   judgment or claim is pending shall not be counted toward any period of limitation.   Because

7   respondent makes no reference to the period of time from December 2, 2004, through February 1,

8   2006, the court must infer that respondent has waived any argument that that time period was not

9   tolled while petitioner apparently went up the ladder in his state court petitions.

10         Respondent nevertheless contends that there is no question that this petition was

11   filed beyond the applicable statute of limitations, arguing that on the first page of his federal

12   petition, petitioner himself concedes the point by setting forth explanations for his late filing.

13   MTD, p. 4.  The page to which respondent refers is actually a letter from petitioner directed to

14   the Clerk of the Court which, in the court's electronic case docket, is appended as the last page of

15   petitioner's federal petition in docket entry #1.  Petition, p. 48.  In the letter, dated March 21,

16   2007 (although, confusingly, also dated February 22, 2007, next to the signature), petitioner

17   states that his state supreme court petition was filed on May 23, 2005, and denied on February 1,

18   2006; he includes a copy of the denial.  Petition, pp. 46, 48; see also, MTD, Exh. A.  The instant

19   petition submitted to this court is signed by petitioner and dated March 22, 2007.  His proof of

20   service is undated.  The petition is file-stamped, March 26, 2007.  The court will liberally apply

21   the mailbox rule and deem the petition filed on March 22, 2007.

22         Respondent argues that, while petitioner has conceded that his petition is

23   untimely, that he has understated the extent of its untimeliness.  MTD, p. 4.  Respondent notes

24   that in his letter to the Clerk, petitioner apparently believes that he had 13 months to file his writ

25   from the date of the state court final ruling, but respondent maintains that, pursuant to Cal. Rules

26   \\\\\

of Ct., Rule 29.4(b)(2) (now Rule 8.532(b)(2)),[3] the denial was final upon filing.[4]  Id., citing Petition, p. 48.  Petitioner's mistaken belief that he had thirteen (13) months from the state supreme court denial to file the instant petition may arise from a misplaced reliance on Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001) (although petitioner does not specifically reference the case), wherein the Ninth Circuit, interpreting an earlier version of Rule 29.4, held that a California Supreme Court order denying a habeas petition did not become final until thirty (30) days after filing.  However, the current version of Rule 29.4 (now renumbered Rule 8.532) has subsequently amended the earlier rule.  When a rule is amended, decisions "that rely on the older versions of the statute[] ... must be reevaluated in light of the amended statute."  See United States v. McNeil, 362 F.3d 570, 574 (9th Cir.2004), quoting Zazeuta-Carrillo v. Ashcroft, 322 F.3d 1166, 1172 (9th Cir. 2003) (courts "are not bound by decisions of prior panels if subsequent legislation has undermined those decisions").  Petitioner also notes that he did not receive the denial decision by way of institutional mail until February 6, 2006, but no authority is cited for a basis to support a finding that this could toll the running of the AEDPA statute for an additional five days.  Thus, the state supreme court habeas denial was final on February 1, 2007, and not thirty, or five, days later.

Respondent correctly observes that the one-year statutory limitation period began to run when the administrative decision denying him parole became final, and was only stayed during the pendency of his habeas applications in the state courts.  MTD, p. 5,  Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004), citing Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  The Shelby Court noted that in Redd, a challenge to a parole board's denial of an

---

[3] Cal. Rule of Court, Rule 29.4 was renumbered Rule 8.532 and amended, eff. Jan. 1, 2007.  (2008 West's Ann. Cal. Code/Cal. Rules of Court  Thomson/West).

[4] Cal. Rule of Court, Rule 8.532(b)(2) states: "The following Supreme Court decisions are final on filing: (A) The denial of a petition for review of a Court of Appeal decision; (B) A disposition ordered under rule 8.528(b), (d), or (e); (C) The denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause; and (D) The denial of a petition for writ of supersedeas."

1    administrative appeal, it had found that the statute of limitations began running the day after that

2    petitioner received notice of the Board's decision.  In this case, the limitations period began to

3    run on November 27, 2004 (the day after the decision was final, triggering the statute of

4    limitations), and ran for six days, as respondent avers (MTD, p.5), until it was tolled by the filing

5    of the first state court habeas petition on December 2, 2004.  The statute began to run again

6    following the February 1, 2006, state supreme court denial.  At that point, petitioner had 359 days

7    to file his habeas petition, that is, he had until no later than January 26, 2007.  The instant

8    petition, filed on March 22, 2007, almost two months later, is untimely unless petitioner is

9    entitled to equitable tolling.

10       "Generally, a litigant seeking equitable tolling bears the burden of establishing

11    two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

12    circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814

13    (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the

14    burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

15    "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

16    circumstances beyond a prisoner's control make it impossible to file a petition on time."

17    Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

18    petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

19    the exceptions swallow the rule." Id.

20       In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

21    overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163

22    F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123

23    S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably

24    tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the

25    petition on time.   "In addition, '[w]hen external forces, rather than a petitioner's lack of

26    diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"

1  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107

2  (9th Cir. 1999).

3  Equitable tolling will not be available in most cases because tolling should only

4  be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

5  to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler, "[w]e have no doubt

6  that district judges will take seriously Congress's desire to accelerate the federal habeas process,

7  and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

8  "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

9  Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

10  not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

11  800 F.2d 905, 909 (9th Cir. 1986).

12  In the Calderon (Beeler) case, the Court of Appeals held that the district court

13  properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead

14  counsel withdrew after accepting employment in another state, and much of the work he left

15  behind was not usable by replacement counsel–a turn of events over which the court found

16  Beeler had no control.  The Court of Appeals held that the district court properly found these

17  were "extraordinary circumstances" sufficient to toll the statute of limitations.[5]  The Ninth

18  Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163

19  F.3d 530.  The three reasons given which independently justified tolling were: a district court

20  stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency

21  until a reasonable time after the court makes a competency determination, and the fact that

22  petitioner did at one time have timely habeas proceedings pending which were mistakenly

23  dismissed, not as a result of any doing by petitioner.  Id. at 541-42.  See also Corjasso v. Ayers,

24

25     [5]  See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court
applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition
26  for certiorari until thirteen months after the denial was entered.

1   278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling);

2   Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust

3   account, preparing and mailing filing fee were circumstances beyond his control, qualifying him

4   for equitable tolling).

5          Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11 (C.D. Cal. 1997),

6   the court found that a petitioner's circumstances were not extraordinary in the following

7   circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

8   preventing the prisoner's access to the library and a typewriter which were necessary to his

9   motion.  See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on

10  incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default);

11  Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll

12  statute); Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1273 (D.Haw. 1999) (lack of legal

13  expertise does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F. Supp. 2d

14  650, 656 (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F. Supp. 2d 772, 779-80 (D.N.J.

15  1998) (delay in receipt of transcripts does not justify equitable tolling).

16         In his initial letter to the Clerk of the Court accompanying his petition, petitioner

17  states that an inmate who was assisting him with his petition was transferred (at some

18  unidentified point in time), and petitioner began to look for other assistance and to work on the

19  petition himself in the law library.  Petition, p. 48.  Petitioner states that the law library was only

20  open for two days for two weeks of the month and three days out of the remaining two weeks, for

21  a total of ten days in a month if there were no lockdown.  Petitioner sums up that his tardiness is

22  due to limited law library access, further diminished by unspecified lockdowns, and to the loss of

23  his assistant.  Id.

24         In his opposition, petitioner avers that the circumstances outlined above

25  constituted extraordinary circumstances beyond his control and/or state created impediments to

26  timely filing.  Opposition (Opp.), pp. 1-11. Petitioner attaches to his opposition several

1   (unauthenticated) exhibits.  Exhibit (Exh.) A appears to be a copy of a memorandum to all CSP-

2   Solano inmates and staff, dated November 3, 2006, concerning an October 30, 2006, outbreak of

3   viral gastroenteritis in several levels of the prison and referencing a recommendation by the

4   Solano County Health Department that all Level II inmates should be isolated for at least forty-

5   eight hours to contain the spread of the infection.  Opp., p. 6.  Exh. B is evidently a copy of a

6   "Program Status Report," dated as effective as of November 9, 2006, indicating that as of

7   November 3, 2006, all Level II housing units had been placed on a medically modified program,

8   which action occurred in light of the apparent gastroenteritis outbreak.  Under "Legal Library," it

9   appears that access was to be allowed only for those having "approved court deadlines only."

10  Opp., p. 8.  Exh. C is identified as "Dates Solano's Institutional Law Library closed to inmate

11  population and reason for closure.  Information taken from Law Library log book, entry & exit

12  log sign in sheet."  Opp., p. 10.  The sheet shows three dates in October of 2005 that the law

13  library was closed to all but PLU (Preferred Legal User) inmates.  Id.  Petitioner's list also

14  includes three dates each of closure or limited use in November and December of 2005; in the

15  year 2006, petitioner lists some ten dates in January of that year, three dates in March, three days

16  in April, two days in May, five days in June, four days in July, two days in September, six days in

17  November and three days in December.  Even if the court overlooks the lack of authentication of

18  these exhibits, however, while they demonstrate some obstacles petitioner faced in seeking to file

19  his petition timely, they do not constitute either the requisite extraordinary circumstances or

20  state-created impediments he would need to show to meet his burden to demonstrate entitlement

21  to equitable tolling.

22          For one thing, as respondent points out, this petition is essentially a verbatim copy

23  of what petitioner had filed in the Merced County Superior Court.  MTD, p. 5, Exh. B.[6]  Thus, on

24  ───────────────

25          [6] In reviewing the two petitions, it is apparent to the court that while petitioner duplicates
    his superior court petition in the instant petition for grounds one through four, petitioner has
26  added as a fifth ground in his federal petition, the putative objective unreasonableness of the
    superior court's summary denial of his petition.  Petition, pp. 35-40.  Within the instant petition,

1    the face of it, it does not appear that petitioner expended significant time in modifying the

2    petition filed herein.  Also, many of the dates of library closure identified occurred prior to

3    petitioner's receipt of the February 1, 2006, state supreme court habeas denial, before which

4    petitioner may not have been seeking law library access in preparation for the filing of the instant

5    petition.  Further, the relevance of the gastroenteritis outbreak is not spelled out.  Petitioner does

6    not indicate that he was himself isolated and if so, the duration of the isolation and/or program

7    modification, and how specifically he was impacted.   In short, none of the difficulties, or the

8    accumulation of them, as laid out by petitioner demonstrate the required extraordinary

9    circumstances for the application of equitable tolling.

10             Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

11    dismiss, filed on July 20, 2007 (# 10), be granted and this case be closed.

12             These findings and recommendations are submitted to the United States District

13    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14    days after being served with these findings and recommendations, any party may file written

15    objections with the court and serve a copy on all parties.  Such a document should be captioned

16    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17    shall be served and filed within ten days after service of the objections.  The parties are advised

18    that failure to file objections within the specified time may waive the right to appeal the District

19    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20    DATED:   02/19/08

21                            /s/ Gregory G. Hollows

22    pace0573.mtd                  U.S. MAGISTRATE JUDGE

23    however, petitioner warrants that he raised all five grounds (as would be required to avoid claims

24    of lack of exhaustion) herein in the state supreme court petition.  Petition, p. 2.  Thus, although
respondent has not lodged or filed the state supreme court petition, it is logical to infer from the
pattern of duplication of grounds one through four, that the fifth ground as laid out therein was

25    also duplicated herein, and, even if there were some tweaking of that ground, it is unlikely that
that would have justifiably consumed months and months of effort in the form of research and

26    writing.